## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

MELVIN DOWNEY,           )
                                     )
      Plaintiff,          )
                                     )     No.
      vs.                  )
                                     )
PENTAGROUP FINANCIAL, LLC,   )     **JURY DEMAND ENDORSED HEREON**
                                     )
      Defendant.        )

## COMPLAINT

NOW COMES the Plaintiff, MELVIN DOWNEY, by and through his attorney, M. LYNETTE HARTSELL, and for his Complaint against the Defendant, PENTAGROUP FINANCIAL, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.     Plaintiff is an individual who was at all relevant times residing in Oxford, North Carolina.

4.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as he is a natural person allegedly obligated to pay a debt.

5.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.     On information and belief, Defendant is a limited liability company of the State of Texas, which is licensed to do business in North Carolina and which has its principal place of business in Houston, Texas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.     On or about October 12, 2009, representatives and employees of Defendant began contacting Plaintiff by letter and telephone in attempts to collect the aforementioned alleged debt, but failed to disclose that they were debt collectors during the course of every communication.

8.     On or about October 12, 2009, employees and representatives of Defendant, including but not limited to Mr. Farley and Mr. Stevens, contacted Plaintiff by telephone.

9.     Mr. Stevens stated to Plaintiff that legal action would be initiated against him if the alleged debt was not paid immediately, thus overshadowing Plaintiff's rights to dispute and/or to request validation of the debt.

10.     To date, Defendant has not initiated legal action against Plaintiff.

11.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

<ol type="a">
<li style="margin-left:2em">Threatening to take legal action that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);</li>
<li style="margin-left:2em">Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);</li>
<li style="margin-left:2em">Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b); and</li>
<li style="margin-left:2em">By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.</li>
</ol>

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MELVIN DOWNEY, respectfully prays for a judgment against Defendant as follows:

<ol type="a">
<li style="margin-left:2em">Statutory damages of $1,000.00 for each violation of the FDCPA;</li>
<li style="margin-left:2em">All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and</li>
<li style="margin-left:2em">Any other relief deemed appropriate by this Honorable Court.</li>
</ol>

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies
Engaged in the Collection of Debts from Consumers Statute)

13. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14.     In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

   a.     Threatening to take legal action that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and (8);

   b.     Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of N.C. Gen. Stat. § 58-70-110(2); and

   c.     By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCDCA.

15.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

   WHEREFORE, Plaintiff, MELVIN DOWNEY, respectfully prays for a judgment against Defendant as follows:

   a.     Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

   b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c.     Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
lhartsell@attorneysforconsumers.com